[Civ. No. 10466. First Appellate District, Division One.—May 26, 1938.]

W. L. ATKINSON, Appellant, v. A. ZAREVICH, Respondent.

J. M. Atkinson for Appellant.

John J. Jones for Respondent.

KNIGHT, J.—This is an appeal by plaintiff from a judgment in defendant's favor based on the verdict of a jury, in an action to recover real estate commissions alleged to be due under a written agreement dated January 27, 1936, whereby defendant agreed to sell a portion of his ranch property for the sum of $19,000, or the whole thereof for $37,000, and to pay a commission of five per cent on the sale price. On January 30, 1936, plaintiff procured a purchaser named T. S. Furtado, who agreed in writing to buy the property on the terms stated in the agreement; but defendant claimed he revoked the agreement to sell prior to performance by plaintiff, and he pleaded such revocation by way of special defense, and the jury found in his favor. As main grounds for reversal plaintiff contends that the evidence is insufficient to support the implied finding of the jury that there was a legal revocation of the agreement prior to performance by plaintiff, it being argued in this behalf that the evidence introduced by defendant in support of his special defense was so unsubstantial that it did not even raise a conflict with the evidence introduced on behalf of plaintiff, and that therefore the trial court erred in not granting plaintiff's motion for a directed verdict.

It appears from the evidence that plaintiff had been negotiating with Furtado for several days prior to the day on which defendant signed the agreement to sell, and that Furtado had agreed to purchase a portion of the property for $16,000, but that defendant had rejected the offer. Thereupon and on January 27, 1936, plaintiff obtained from defendant the written agreement in question, to sell part of the ranch for $19,000 or the whole for $37,000, and to pay the commission mentioned. Furtado then offered $35,000 for the entire property, but defendant refused the offer; whereupon Furtado increased his offer to $36,000 and plaintiff communicated the offer to defendant. The latter stated he would talk it over with his wife, and give plaintiff an answer the next day. On the following afternoon he met plaintiff at the latter's office. He could not remember with any degree of certainty whether the meeting took place on the afternoon of January 29th or January 30th. However, he testified that at that time he told plaintiff he could not sell the prop-

erty, because his wife was not satisfied and did not want him to sell; and that plaintiff then talked to him about the matter, told him the deal was an advantageous one, and that he had better sell; that thereupon defendant told plaintiff he would go home and see what he could do—that he would take the matter up with his wife and let plaintiff know; but that after he had again discussed the matter with his wife she still refused to sell, and that consequently, on the afternoon of that same day, about 4:30 o'clock, he telephoned plaintiff's office and revoked the agreement to sell. His testimony in this regard was as follows: " . . . I took the telephone, telephoned to the girl at the office, ask if Mr. Atkinson is there; the girl said, 'No, he went out somewhere'. I said 'Tell Mr. Atkinson I draw that property out of the market, not for sale any more' . . . I think she said, 'I don't get you right'. I said second time, 'Tell Mr. Atkinson I put that property out of the market, not for sale any more'. I heard her say 'All right'."

Plaintiff's secretary testified that a telephone conversation took place on January 30th, but her version thereof was quite different from defendant's. She stated that about 5:20 o'clock on said afternoon someone called on the phone that she thought was defendant, but she was not sure; that she did not understand him, and when she asked him to repeat what he had said he hung up the phone; so she left a note for plaintiff saying that she thought that defendant had called and that plaintiff had better call him; and that the next morning when plaintiff came in she told him about the call and gave him the note. Plaintiff's testimony was also at variance with defendant's. He testified that the meeting with defendant in his office took place on the afternoon of January 30th, and that after talking over the matter of Furtado's offer of $36,000 defendant told him to see if Furtado would not meet the price of $37,000; that as soon as defendant left he called on Furtado and that same afternoon obtained from Furtado his written agreement to buy the property on the terms set forth in the agreement of sale. However, he did not fix the time of day he obtained Furtado's signature to such agreement, his testimony in this regard being: "Well, about 4:30 o'clock I think, something of the kind, along quite late in the afternoon." He then went on to testify that the next morning, the 31st, he went to

his office and found the message left by his secretary to call the defendant; that on the same afternoon he went to defendant's home and informed defendant that Furtado had accepted the offer but defendant was just leaving, so he told plaintiff he would be in the next morning; that when defendant came in that morning, which was Saturday, the first of February, he told plaintiff for the first time that his wife was objecting to the sale, but he said he would talk to his family some more about it; that he came in the following Monday or Tuesday and informed plaintiff that his wife would not sign the deed and that he was not going ahead with the deal.

It becomes obvious at once from the foregoing that the evidence is sharply conflicting, not only as to the date of the telephone conversation revoking the agreement to sell, but also as to what was said; and of course, under well settled rules, where the testimony is substantially conflicting, the appellate court in support of the verdict will assume the testimony of the prevailing party to be true, and construe it as favorably as possible in his favor. Therefore, in the present case, since the jury accepted defendant's testimony as true, its implied finding that revocation of the agreement was made prior to performance by plaintiff cannot be disturbed on appeal. (4 Cal. Jur., p. 637.)

In his attack upon the sufficiency of defendant's testimony to establish the fact of revocation, plaintiff emphasized the uncertainty thereof as to dates and time. However, the record shows that defendant did testify positively that the meeting in plaintiff's office and his telephone conversation with plaintiff's secretary took place on the same day, and in several instances stated that they took place on January 29th. In any event, in view of the apparent conflict, the question of whether the telephone conversation revoking the agreement took place prior to the time plaintiff secured Furtado's signature to the written acceptance of defendant's offer to sell was placed squarely before the jury under proper instructions proposed by both plaintiff and defendant, one of those proposed by plaintiff being as follows: "I instruct you that if you find from the evidence that the said written offer of the defendant to sell his property was accepted by said T. S. Furtado prior to such offer being withdrawn by the defendant that such offer and acceptance became, from the date of such acceptance,

a valid, binding and enforcible contract." Therefore, in view of the uncertainty in plaintiff's testimony as to the exact time of day he secured Furtado's signature, it cannot be said on appeal that the jury's finding on this issue is unsupported, even assuming the telephone conversation did take place on January 30th.

■ Also in his attack upon the sufficiency of the evidence plaintiff points out that in order to revoke an agreement such as we have here, the party revoking must communicate his revocation to the other party in clear and unequivocal lan-- guage; and he contends that in the present case this was not done. It appears however, that defendant on several occasions testified as to what the telephone conversation was, and each time stated that after he had twice told plaintiff's secretary to tell appellant that he had withdrawn his property from sale, she answered "all right". We are unable to agree, therefore, that defendant's testimony does not meet the requirement of the rule plaintiff relies upon. Nor is the case of *United States Farm Land Co.* v. *Darter*, 42 Cal. App. 292 [183 Pac. 696], cited by plaintiff in this connection, in point because there the court held that not only did the seller fail to notify the real estate broker of the termination of the agency, but in the correspondence between them he recognized the continued authority of the broker and only sought to secure a modification as to the time and condition of payment of the commission. Such is not the case here.

■ Plaintiff further contends that defendant's revocation was ineffective because he knew that negotiations for a sale were pending; also that assuming defendant's wife did refuse to sign a deed to complete the transaction, such fact was not sufficient justification for the rescission of the agreement to.sell. The prevailing rule is, however, that in the absence of bad faith or fraud an agreement to pay real estate broker's commissions, such as we have here, may be revoked at any time prior to performance by the broker. Therefore, in the present case, in view of the jury's supported finding that there was such revocation prior to the time plaintiff obtained Furtado's signature to the agreement to purchase, the reasons prompting the revocation would seem to be immaterial.

■ Plaintiff also urges that the court committed prejudicial error in giving the jury an instruction embodying a statement of the factual situation which plaintiff contends

finds no basis in the evidence. However, it appears that the instruction was not a formula instruction, and that it correctly stated the law; also that in other instructions the factual situation was correctly set out. It cannot be reasonably held, therefore, that the jury was misled by the giving of the single instruction challenged by plaintiff.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.